# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3294

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Amy Marie Cox, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 21, 2012
Filed: March 27, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Amy Cox challenges the below-Guidelines-range 30-month prison sentence that the district court[1] imposed after she pleaded guilty to conspiring to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Her counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in applying a 2-level increase pursuant to U.S.S.G. § 2B1.1(b)(9)(B) (where substantial part of fraudulent scheme was

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

committed outside United States),[2] and in denying a minor-role reduction under U.S.S.G. § 3B1.2. She also argues that the length of the sentence was unreasonable under the circumstances.

We find no error in the district court's application of the 2-level increase or in the court's denial of the minor-role reduction. See United States v. Rubashkin, 655 F.3d 849, 867 (8th Cir. 2011) (district court's interpretation of Guidelines is reviewed de novo, and its factual findings are reviewed for clear error). Cox contends that the 2-level increase does not apply, because her criminal conduct occurred within the United States. The evidence, however, shows that Cox received packages and money transfers from overseas, sent some proceeds of cashed counterfeit instruments to recipients overseas, and engaged in international communications with co-conspirators. We agree with the district court that a substantial part of the fraudulent scheme occurred outside the United States. See United States v. Singh, 291 F.3d 756, 761-62 (11th Cir. 2002) (defendant need not personally take action from outside United States for enhancement to apply, in part due to well-established principle that act may be imputed from one co-conspirator to another). The evidence also supports the district court's finding that, because Cox was an integral part of the scheme and was deeply involved in it, she was not entitled to a minor-participant reduction. See U.S.S.G. § 3B1.2(b), cmt. (n.3(A)) (section provides adjustments for defendant who plays part in offense that makes him substantially less culpable than average participant). As to the reasonableness of the sentence, we find nothing indicating that the court overlooked or misapplied a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. See United States v. Saddler, 538 F.3d 879, 890 (8th Cir. 2008).

---

[2]This guideline provision has been moved to U.S.S.G. § 2B1.1(b)(10)(B) in the 2011 version of the United States Sentencing Guidelines which went into effect a few weeks after Cox's October 2011 sentencing.

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issue. Accordingly, we affirm the judgment and grant counsel leave to withdraw, subject to counsel informing Cox about procedures for seeking rehearing and petitioning for a writ of certiorari.

—————————————————